**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Alex E. Tsionis, Esq.
Daniel J. LeBrun, Esq.

*Proposed Attorneys for Dentistry by Design P.C.,*
*Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                              Case No.: 25-40076-ess

JEWELRY DESIGNER SHOWCASE, INC.                 Chapter 11 (Subchapter V)
d/b/a DANNUNZIO DESIGNED,

                                              Debtor.
-------------------------------------------------------------X

### AMENDED DEBTOR'S PRE-STATUS CONFERENCE REPORT
### PURSUANT TO SECTION 1188(c) OF THE BANKRUPTCY CODE

TO:    **THE HONORABLE ELIZABETH S. STONG**
       **UNITED STATES BANKRUPTCY JUDGE**

Jewelry Designer Showcase *d/b/a* Dannunzio Designed, the debtor and debtor-in-possession (the "Debtor") in this Chapter 11 Subchapter V case, by and through its proposed counsel, the Law Offices of Avrum J. Rosen, PLLC, respectfully submits this report that details the efforts that the Debtor has undertaken and will undertake to attain a consensual plan of reorganization, and respectfully represents as follows:

A.    **Procedural Background**

1.    On January 7, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and elected to proceed under Subchapter V.

2.    The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee,

examiner, or committee has been appointed in this case, except that Nathaniel Wasserstein, Esq. has been appointed as the Subchapter V Trustee pursuant to section 1183 of the Bankruptcy Code.

3.      The Debtor is a Delaware corporation with its corporate office located at 4366A Victory Boulevard, Staten Island, New York 10314. The Debtor is a luxury jewelry designer formed in or around December 2010. The Debtor's business involves crafting unique, beautiful, and innovative natural diamond jewelry.

**B.      Post-Petition Progress**

4.      In the month since the Petition Date, the Debtor has made good-faith progress toward achieving its restructuring goals in this Chapter 11 Subchapter V case. In this regard, the Debtor has, among other things:

- Provided documents to the Office of the United States Trustee;

- Opened a DIP bank account and utilities account[1];

- Achieved an order on the Debtor's "first day" operation motion regarding utilities on an interim basis (ECF No. 29);

- Provided service (ECF No. 20) upon all creditors and parties in interest of the Court's Order setting the last day to file proofs of claims;

- Sought potential offers to apply for DIP loan financing;

- Communicated with counsel for the Debtor's landlord in order to re-gain access to the Debtor's premises;

- Appeared for the Initial Debtor Interview held January 28, 2025; and

---

[1] Though the Debtor opened DIP bank accounts with T.D. Bank concerning its operating account and utilities account, the DIP accounts are currently frozen. We have been advised that T.D. Bank put a hold on the DIP accounts after opening because there is a discrepancy between the Debtor's operating agreement and the Debtor's IRS TIN. In what could only be described as incredulous, it appears that the Debtor's TIN, which was issued by the IRS many years ago, has a misspelling wherein the IRS spelled the Debtor's name as "Jewlery". Due to this discrepancy, T.D. Bank has since restricted the Debtor access to its DIP accounts until the TIN is corrected. The Debtor has taken swift action to correct the issue with the TIN, but if unsuccessful, will seek to open a DIP account with a different bank account that is an authorized depository in Region 2.

- Continued to operate its business in accordance with the guidelines of Chapter 11.

**C.      Efforts Debtor Has Taken and Anticipates Taking to Attain a Consensual Plan**

5.      As a result of a pre-petition restraining order against the Debtor, the Debtor was unable to operate pre-petition. Since the Petition Date, the Debtor has taken action to begin operating again with the release of such restraint.

6.      The Debtor has engaged in discussions with 4366A Victory Boulevard LLC, the landlord, to re-gain access to the Debtor's property. As part of such discussions, the Debtor anticipates being able to resolve the landlord's claim.

7.      The Debtor also anticipates engaging in discussions with disputed claims of creditors in this case regarding the extent and validity of their claims.

8.      The Debtor's primary objectives in this case are to operate its business as a going concern and to pay allowed claims.

9.      As part of the Debtor's efforts to attain a consensual plan, the Debtor is evaluating a proposal whereby the Debtor commits its projected disposable income over the life of the plan for distributions to allowed claims pursuant to Section 1191 of the Bankruptcy Code.

10.      The Debtor anticipates timely filing its plan of reorganization on or before April 4, 2025.

*(Remainder of Page Intentionally Left Blank)*

11.     Finally, the Debtor has a month-to-month tenancy with the landlord and the Debtor

is exploring its options.

Dated: February 6, 2025                    Respectfully submitted,
        Huntington, New York

                                           **Law Offices of Avrum J. Rosen, PLLC**

                        By:     _/s/ Alex E. Tsionis_
                                Alex E. Tsionis, Esq.
                                Daniel J. LeBrun, Esq.
                                38 New Street
                                Huntington, NY 11743
                                (631) 423-8527
                                atsionis@ajrlawny.com
                                dlebrun@ajrlawny.com

                                _Proposed Counsel for the Debtor_
                                _and Debtor-In-Possession_