# EXHIBIT

# "B"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| JEWELRY DESIGNER SHOWCASE, INC.<br>D/B/A DANNUNZIO DESIGNED, | Case No.: 25-40076-ESS |
| Debtor. | |

### STIPULATION AND AGREED ORDER (I) AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, AND (III) GRANTING RELATED RELIEF

This Stipulation and Agreed Order (I) Authorizing the Debtor's Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Granting Related Relief (the "**Stipulation and Agreed Order**") is made as of the date set forth below by and between Jewelry Designer Showcase, Inc. d/b/a/ Dannunzio Designed (the "**Debtor**") and Steveline, Inc. and Steven P. D'Angelo (collectively, the "**Secured Creditor**", and together with the Debtor, collectively, the "**Parties**", and each, individually, a "**Party**"), acting through their undersigned counsel.

A.    Stipulations of the Debtor.    The Debtor acknowledges, admits, stipulates and agrees (collectively, the "**Stipulations**") that:

1.    Prior to the commencement of this chapter 11 bankruptcy case by the Debtor on January 7, 2025 (the "**Petition Date**"), the Parties (and other non-parties) entered into a Settlement Agreement, Escrow Agreement and Mutual Releases agreement dated as of September 7, 2023 (the "**Prepetition Settlement Agreement**") to resolve an action styled

*Steven P. D'Angelo, et al. v. Arthur D'Annunzio, et al.*, bearing Case Number 2:23-cv-01322 in the United States District Court for the Eastern District of New York.

2.      Prior to the Petition Date, in order to, among other things, secure certain payment obligations owed by the Debtor to the Secured Creditor under the Prepetition Settlement Agreement (the "**Prepetition Obligations**"), the Debtor granted the Secured Creditor a security interest and lien (the "**Prepetition Lien**") in all of the Debtor's accounts receivable and inventory, including, without limitation, all items of fine jewelry, gold and other precious metals, gemstones, and watches (collectively, the "**Collateral**").

3.      Prior to the Petition Date, the Secured Creditor properly perfected the Prepetition Lien by the filing of UCC-1 financing statements with the New York State Department of State on November 10, 2023 (Filing Number 202311100425270).

4.      Prior to the Petition Date, on June 24, 2024, the Secured Creditor filed and docketed a judgment upon confession of judgment against the Debtor (and other parties) in the Supreme Court of the State of New York, County of Richmond (Index No. 15094/2024) in the amount of $3,367,000.00, plus costs, plus interest on such amounts at the agreed rate of 16% percent per annum from November 13, 2023 until all principal and interest is paid in full.

5.      As of the Petition Date, the total amount owed by the Debtor to the Secured Creditor was $4,171,352.52 (the "**Prepetition Claim**") as reflected by the timely proof of claim filed by the Secured Creditor in this case on March 2, 2025 (Claim Number 9-1).

6.      On October 2, 2025, the Debtor commenced an adversary proceeding against the Secured Creditor (Adv. Pro. No. 25-01120-ess) (the "**Adversary Proceeding**")

2

asserting three causes of action, substantially seeking to challenge the Prepetition Claim and the Prepetition Lien.  The Parties have negotiated a resolution of the Adversary Proceeding and are documenting such resolution in a stipulation of settlement (the "**AP Stipulation**") simultaneously with execution of this Stipulation and Agreed Order, which stipulation is incorporated herein by reference and shall be subject to the approval of the Court.  The enforceability of this Stipulation and Agreed Order is conditioned in all respects on the approval by the Court of the AP Stipulation.

7.      Upon the later of (a) entry of an order approving this Stipulation and Agreed Order or (b) entry of an order approving the AP Stipulation, unless entered simultaneously, and as set forth above, the Debtor waives and releases (i) any and all defenses, objections or other challenges to allowance of the Prepetition Claim and (ii) any and all rights, claims and/or causes of action that the Debtor has as of the entry of this Stipulation and Agreed Order against the Secured Creditor in connection with the Prepetition Obligations.

8.      The Prepetition Lien constitutes a legal, valid, binding, properly perfected and enforceable first-priority lien on and security interest in the Collateral that is not subject to avoidance or subordination pursuant to the Bankruptcy Code or applicable non-bankruptcy law, other than as expressly agreed to by the Parties pursuant to the AP Stipulation.

**THE COURT HEREBY FINDS**:

A.      <u>Jurisdiction; Core Proceeding</u>.  This Court has jurisdiction over this matter and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.  Consideration of this Stipulation

and Agreed Order constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      Cause Shown. Good cause has been shown for the entry of this Order. The Debtor has a need to use the Collateral and its proceeds, products, revenues (collectively, the "**Cash Collateral**") to avoid irreparable harm to the Debtor's estate because the only means of revenue generation is through the continued operation of the company, which also will result in the continued generation of new collateral. The Debtor believes the use of the Cash Collateral will, therefore, help preserve and maintain the going concern value of the Debtor and its estate, and will enhance the prospects for a successful reorganization of the Debtor under chapter 11 of the Bankruptcy Code.

C.      Adequate Protection. Pursuant to Sections 361, 362(d) and 363 of the Bankruptcy Code, the Secured Creditor is entitled to adequate protection for the diminution in value of their interest in the property of the estate as a result of (i) the Debtor's use of the Cash Collateral, (ii) the imposition of the automatic stay pursuant to Section 362(a) of the Bankruptcy Code (the "**Automatic Stay**"), and (iii) the use, sale, or lease of the Cash Collateral under Section 363 of the Bankruptcy Code (collectively, the "**Adequate Protection Obligations**"). The imposition of the automatic stay and the use, sale or lease of the Cash Collateral during the term of this Stipulation and Agreed Order is to be used exclusively in accordance with the terms, conditions and limitations set forth in this Stipulation and Agreed Order, including, without limitation, the adequate protection described herein.

D.      Good Faith. Pursuant to Bankruptcy Code Sections 105, 361 and 363, the Debtor and the Secured Creditor are found to have acted in "good faith" in connection with

4

the request for entry of this Stipulation and Agreed Order, including, without limitation, the protections afforded parties acting in "good faith" under Section 363(m) of the Bankruptcy Code.

E.    <u>Immediate Entry of Order</u>.  The Debtor has requested immediate entry of this Stipulation and Agreed Order pursuant to Bankruptcy Rule 4001(b)(2).  The Court concludes that entry of this Stipulation and Agreed Order is in the best interest of the Debtor's estate and all creditors and is necessary to avoid immediate and irreparable harm to the Debtor and its estate.

Based upon the foregoing findings and conclusions, and upon the record made before this Court, and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED** that:

1.    <u>Use of Cash Collateral.</u>

a.    The Debtor shall not use, sell or lease any Cash Collateral except (i) upon the terms and conditions set forth in this Stipulation and Agreed Order or (iii) as otherwise approved by this Court.

b.    The Debtor is authorized, subject to the terms and conditions of this Stipulation and Agreed Order to use, sell or lease Cash Collateral in the ordinary course o business during the period from the entry of this Stipulation and Agreed Order through the Termination Date (as defined below) to fund the Debtor's business.

2.      Access.  The Secured Creditor may monitor, access and examine, and the Debtor shall provide the Secured Creditor for inspection, reporting and appraisal purposes, any of the Collateral and the Cash Collateral.

3.      Adequate Protection.  To the extent of Debtor's use of Cash Collateral and any diminution in value of the Collateral, the Secured Creditor is granted the following as adequate protection for the Adequate Protection Obligations:

a.      Adequate Protection Liens.  Pursuant to Sections 361(2), 363(c)(2) and 363(e) of the Bankruptcy Code, on account of Debtor's use of Cash Collateral and diminution in value of the Collateral, the imposition of the Automatic Stay, or the use, sale, or lease of the Collateral, valid, binding, continuing, enforceable and perfected non-avoidable first-priority security interests in, and liens on (the "**Postpetition Liens**"), all of the Debtor's now owned or hereafter acquired accounts receivable and inventory, including all of the Collateral, and all proceeds, products, and revenues of any and all of the foregoing, along with any property acquired postpetition that forms part of, or is an appurtenance to, the Collateral (collectively, the "**Postpetition Collateral**"), up to a total collateral value of $141,443.35.  The Postpetition Liens shall in all cases be prior and senior to all liens, encumbrances and security interests in and to such Postpetition Collateral granted by operation of law or consensually by the Debtor after the Petition Date except for liens, encumbrances and security interests that meet the following three conditions: (x) the lien, encumbrance or security interest is incidental to the conduct of the business of the Debtor; (y) the lien, encumbrance or security interest arises by operation of any applicable law; and (z) pursuant to applicable law, the lien, encumbrance or security interest ranks prior and senior to, or *pari passu* with, the Postpetition Liens.

6

4.    Limitations on Cash Collateral.  No proceeds of the Collateral or Cash Collateral shall be used, without the prior written consent of the Secured Creditor for the purpose of objecting to, challenging or contesting in any manner, or in raising any defenses to, the amount, validity, extent, perfection, priority or enforceability of the Prepetition Obligations, or any liens or security interests with respect thereto, including, without limitation, pursuant to Sections 105, 510, 544, 547, 548, 549, 550 or 552 of the Bankruptcy Code, applicable non-bankruptcy law or otherwise.

5.    Modification of Automatic Stay.  The Automatic Stay shall be modified to the extent necessary, if at all, to take all actions necessary to implement and effectuate the terms and conditions of this Stipulation and Agreed Order, including, without limitation, to allow the Secured Creditor, upon the occurrence of a Termination Event, to terminate the use of Cash Collateral in accordance with this Order.

6.    Perfection of Liens. The Postpetition Liens granted pursuant to this Order shall constitute valid, enforceable and duly perfected security interests and liens, and the Secured Creditor shall not be required to file or serve financing statements, notices of lien or similar instruments which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such security interests and liens; and the failure by the Debtors to execute any documentation relating to the Postpetition Liens shall in no way affect the validity, perfection, enforceability or priority of such Postpetition Liens.  If, however, the Secured Creditor shall determine to file any such financing statements, notices of lien or similar instruments, or to otherwise confirm perfection of such Postpetition Liens, the Debtor shall cooperate with and assist in such process, the Automatic Stay is hereby lifted to allow the filing and

7

recording of a certified copy of this Stipulation and Agreed Order or any such financing statements, notices of lien or similar instruments, and all such documents shall be deemed to have been filed or recorded on the date of this Stipulation and Agreed Order.

7.      No Waiver by Secured Creditor.  Nothing in this Stipulation and Agreed Order shall be deemed a waiver of the right of the Secured Creditor to: (a) seek relief from the automatic stay under Section 362 of the Bankruptcy Code on any basis at any time upon notice to Debtor and this Court and parties entitled to notice under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure; (b) seek any additional protection as it may require with respect to the Collateral, including the Cash Collateral; (c) enforce any remedies against any other obligors of the Prepetition Obligations that are not debtors; (d) enforce any other rights or remedies under the Prepetition Settlement Agreement, subject to the AP Stipulation; (e) object to any other proposed cash collateral orders or priming liens with respect to the Collateral.

8.      Insurance. The Debtor shall provide continued maintenance of and appropriate insurance amounts with respect to the Collateral consistent with the Debtor's prepetition practices.  Without limiting the responsibilities or duties of the Debtor established by this Stipulation and Agreed Order, the Bankruptcy Code, Court order or otherwise, the Debtor shall timely pay all premium amounts for its insurance policies as they become due.

9.      Effectiveness Conditioned Upon Court Approval of AP Stipulation.  This Stipulation and Agreed Order shall not be binding on the Parties and shall have no effect unless and until the Court enters orders approving each of this Stipulation and Agreed Order and the AP Stipulation.  If the Court does not approve both this Stipulation and

Agreed Order and the AP Stipulation, then this Stipulation and Agreed Order shall be null and void, and the Parties shall be restored to their respective rights that existed prior to entry into this Stipulation and Agreed Order.

10.    Termination. The Debtor's authorization to use Cash Collateral hereunder shall terminate on the date of the occurrence of a Termination Event (as defined below), such date referred to as the "**Termination Date**".  Each of the following events shall immediately constitute a termination event ("**Termination Event**"), upon the occurrence of which the use of Cash Collateral pursuant to this Order shall terminate (except as the Secured Creditor may otherwise agree in writing) upon the earliest to occur of:

a.    The reversal, vacatur or, modification or stay of this Stipulation and Agreed Order in any manner materially adverse to the Secured Creditor, without the prior written consent of the Secured Creditor, or the Debtor shall file any pleading seeking the foregoing relief;

b.    The entry by the Court of an order (i) dismissing the Chapter 11 Case, (ii) converting the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code, or (iii) appointing a Chapter 11 trustee or an examiner where such Chapter 11 trustee or examiner is given the power to operate the Debtor's business, or the Debtor shall file any pleading seeking the foregoing relief;

c.    The failure of the Debtor to make any payment as set forth in this Stipulation and Agreed Order or AP Stipulation when due;

d.    The failure of the Debtor to comply with the benchmarks set forth in Paragraph 2.05 of the AP Stipulation herein;

9

e. Commencement of any action or the filing of any pleading by the Debtor against the Secured Creditor challenging the matters stipulated to in the above Stipulations;

f. The Postpetition Liens granted to the Secured Creditor shall cease to be valid, perfected and enforceable in all respects;

g. Any representation or warranty of the Debtor made in this Stipulation and Agreed Order being materially false;

h. The Debtor shall fail to comply with any other provision of this Stipulation and Order; and

i. The Debtor shall fail to comply with any of the provisions of the AP Stipulation.

No failure of the Secured Creditor to enforce any right granted under this Stipulation and Agreed Order shall represent a waiver of such right. The security interests, pledges, liens and all other protections granted to or reaffirmed in favor of the Secured Creditor in this Stipulation and Agreed Order shall remain in effect notwithstanding the occurrence or continuation of a Termination Event.

11. Binding Effect of Order. To the extent permitted under applicable law, the terms and provisions of this Stipulation and Agreed Order shall be binding upon and inure to the benefit of the Debtor, the Secured Creditor and each of their successors and assigns, including, but not limited to, any Chapter 11 or Chapter 7 trustee hereinafter appointed or elected for the estate of the Debtor. To the extent there is any inconsistency between this Stipulation and Agreed Order and any order concerning the Debtor's cash management and/or bank accounts, this Stipulation and Agreed Order shall control.

10

12.    Survival.  Except as otherwise expressly set forth in this Stipulation and Agreed Order, the provisions of this Stipulation and Agreed Order and any actions taken pursuant thereby shall survive the entry of any order which may be entered: (a) confirming any plan of reorganization in any of the Chapter 11 Case; (b) converting the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code; or (c) dismissing the Chapter 11 Case.

13.    No Surcharge of Collateral, Equities of the Case, Doctrine of Marshaling. The Debtor shall not argue for any surcharge to the Collateral pursuant to Section 506(c) of the Bankruptcy Code or seek any relief under the "equities of the case" provision pursuant to Section 552(b)(1) of the Bankruptcy Code in this Chapter 11 case.  The Secured Creditor shall not be subject to the equitable doctrine of marshaling or similar doctrine with respect to the Collateral.

14.    Immediate Effect.  This Stipulation and Agreed Order shall constitute findings of fact and conclusions of law and shall be fully enforceable immediately upon entry notwithstanding the applicability of Bankruptcy Rule 6004(h) or otherwise.

15.    Entire Agreement; No Modification.  This Stipulation and Agreed Order constitutes the entire agreement of the Parties.  No modification, amendment or waiver of any of the provisions of this Stipulation and Agreed Order shall be effective unless in writing and signed by the Parties.

16.    Governing Law.  This Stipulation and Agreed Order shall be governed by the laws of the State of New York without regard to its choice of law rules.

17.    Authorization to Act.  The Parties are authorized to take all actions necessary to effectuate the relief provided by this Stipulation and Agreed Order.

11

18.     <u>Successors and Assigns</u>.  This Stipulation and Agreed Order shall be binding upon and inure to the assigns, representatives, heirs and successors of the Parties hereto.

19.     <u>Parties Consent to Terms; No Construction Against Drafter</u>.  Each Party to this Stipulation and Agreed Order represents that it fully understands the terms hereof.  This Stipulation and Agreed Order shall not be strictly construed against either Party on the grounds that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

20.     <u>Execution; Counterparts</u>.  This Stipulation and Agreed Order may be executed in counterparts, each of which shall constitute an original, and all of which when taken together shall constitute one document.  A facsimile or PDF (portable document format) copy of the executed Stipulation and Agreed Order shall serve as an original.

21.     <u>Jurisdiction</u>.  This Court shall retain jurisdiction over any matters arising from or related to the interpretation or implementation of this Stipulation and Agreed Order.  If an order dismissing the Chapter 11 Case under Bankruptcy Code Section 1112 or otherwise is at any time entered, the Court shall retain jurisdiction for purposes of enforcing this Order.

Dated: Huntington, New York             ROSEN, TSIONIS & PIZZO, PLLC
     April 7, 2026

By:     */s/ Daniel J. LeBrun*
     Daniel J. LeBrun, Esq.
     Attorneys for the Debtor
     38 New Street
     Huntington, NY 11743
     Telephone No.: (631) 423-8527
     Email: dlebrun@ajrlawny.com

Dated: New York, New York          PHILLIPS LYTLE LLP
      April 7, 2026

           By:    */s/ Nickolas Karavolas*
                 Nickolas Karavolas, Esq.
                 Attorneys for the Secured Creditor
                 810 Seventh Avenue, 18th Floor
                 New York, New York 10019-5789
                 Telephone: (212) 759-4888
                 Email: nkaravolas@phillipslytle.com